**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-10-DLB**

**PRIDE NGU FON**                                                                 **PETITIONER**

v.                                               **MEMORANDUM ORDER**

**SAMUEL OLSON, et al.**                                                   **RESPONDENTS**

\* \* \* \* \* \* \* \* \* \*

## I.      INTRODUCTION

This matter is before the Court upon the Motion to Enforce the Judgment by Petitioner Pride Ngu Fon.  (Docs. # 6, 14).  Respondents having filed their Response (Doc. # 10), the Motion is ripe for the Court's review.  For the following reasons, the Court will **deny** the Motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts of this case are outlined in the Court's February 10, 2026 Memorandum Opinion and Order, in which it granted Petitioner's Petition for Writ of Habeas Corpus.  (Doc. # 5).  In that Order, this Court held that Petitioner was, among other things, entitled to a bond hearing under 8 U.S.C. § 1226(a).  (*Id*. at 23).

Petitioner received that bond hearing on February 13, 2026.  (Doc. # 6 at 2). Petitioner, with counsel, put forth evidence in the hearing.  (*Id*.).  At the hearing's conclusion, the immigration judge ("IJ") denied Petitioner bond, determining he was a flight risk.  (Doc. # 6-1).

1

Petitioner did not appeal the IJ's decision. Instead, on February 13, 2026, he brought a Motion to Enforce this Court's Judgment, in which he asks this Court to order his immediate release. (*See* Doc. # 6). Specifically, he claims that the IJ did not adequately review his evidence properly and did not provide him with an individualized assessment of the specific circumstances of his case before determining he was a flight risk. (*Id*. at 3–4). This Court ordered Respondents to respond to the Motion on February 17, 2026 (Doc. # 8). Respondents filed their Response on March 3, 2026. (Doc. # 10).

Before this Court could issue an Order on the Motion to Enforce, Respondents appealed this Court's February 10, 2026 decision to the Sixth Circuit Court of Appeals. (*See* Doc. # 11). However, before a briefing schedule was entered, Respondents moved to withdraw their appeal, which the Sixth Circuit granted on April 29, 2026. (Doc. # 13). With the case returned to this Court, Petitioner renewed his Motion on May 4, 2026. (Doc. # 14). Accordingly, Petitioner's Motions are now ripe for the Court's review.

## III.    ANALYSIS

At all levels, jurisdiction poses a threshold question. *See Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("we must first consider whether we have jurisdiction to decide this case"). "'Federal courts,' it bears repeating, 'are courts of limited jurisdiction.'" *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007).

In the immigration context, jurisdiction centers on 8 U.S.C. § 1226(e). That statute provides that

2

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, No. 5:25-cv-153, 2025 WL 3022478, at *3 (S.D. Tx. Oct. 29, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). Still, the Supreme Court has emphasized that "this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v. Rodriguez*, 583 U.S. 295-96 (2018)). So, where a petitioner challenges a particular discretionary "action" taken by an IJ—as opposed to the statutory framework as a whole— § 1226(e) precludes the federal courts' review. *Jennings*, 583 U.S. at 296; *see also Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 279 (3d. Cir. 2018) ("Because [the petitioner] does not challenge a particular action or decision, but rather 'the statutory framework that permits his detention without bail,' § 1226(e) does not deprive the District Court or this Court of jurisdiction[.]" (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003) (cleaned up)). Thus, the Court may only consider Petitioner's Petition insofar as it challenges the extent of the Government's detention authority under the INA's framework. *See Nielsen*, 586 U.S. at 401.

Petitioner does not challenge the statutory framework. Instead, in light of the IJ's determination in his bond hearing, Petitioner asks the Court to release him from ICE custody. (Doc. # 6 at 2). Specifically, he argues that the IJ did not perform an individualized assessment of Petitioner's evidence based on articulated framework from

3

the Board of Immigration Appeals ("BIA").  (*Id*. at 4).  Despite the evidence he presented, the IJ determined Petitioner was a "flight risk."  (*Id*.).  This decision, in Petitioner's view, was inconsistent with the record and a violation of due process because the IJ did not individually assess Petitioner's claims consistent with BIA precedent.  (*Id*. at 4–5).

In essence, Petitioner asserts that the IJ's decision effectively violated his rights because it did not appropriately consider the evidence Petitioner presented when making its assessment.   But Petitioner's own allegations belie this claim.   Petitioner acknowledges that he requested and received a bond redetermination hearing under § 1226(a).  (*Id*. at 2).  He appeared at this hearing with counsel and offered evidence of his continued residence, family and community ties and lack of criminal record.  (*Id*.).  The IJ's decision states that he fully considered the evidence presented prior to reaching his decision.  (Doc. # 6-1).  Petitioner does not dispute this fact.  He does not allege that the IJ wholly failed to consider the evidence he offered or that the hearing was procedurally improper.  Instead, he argues that the IJ erred in weighing the evidence.  (Doc # 6 at 4). Thus, his Petition raises quintessentially factual arguments about the IJ's decision.  And factual challenges to an act of administrative discretion fall outside the bounds of the Court's jurisdiction.  *See Nielsen*, 586 U.S. at 401 (noting that § 1226(e) bars review of discretionary applications of § 1226); *Hernandez-Gabriel v. Tate*, No. 25-cv-5687-H, 2026 WL 161192, at *4 (S.D. Tx. Jan. 20, 2026) (holding that a district court lacked jurisdiction to consider a petitioner's challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, No. 25-cv-18829, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review

4

whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, No. 1:25-cv-1704, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e) did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).

Accordingly, Petitioner's Petition does not challenge the INA's statutory framework or the extent of the Government's detention authority. *See Nielsen*, 586 U.S. at 401. He does not claim that his bond hearing lacked necessary procedural safeguards or that the IJ did not have statutory authority to deny bond. Instead, he merely argues that the IJ came to the wrong conclusion after reviewing the evidence. The Supreme Court has repeatedly recognized that § 1226(e) bars judicial review of such decisions. *See Nielsen*, 586 U.S. at 401; *Jennings*, 583 U.S. at 295; *Demore*, 538 U.S. at 516; *see also Espinosa v. ICE Field Office Director*, No. 2:26-cv-34-JHC, 2026 WL 369799, at *1 (W.D. Wash. Feb. 10, 2026) (finding a lack of jurisdiction where the petitioner provided "only factual arguments as to why he should be released on bond"); *Bazurto v. Olson*, No. 1:26-cv-122-SEB-CSW, 2026 WL 285993, at *5 (S.D. Ind. Feb. 3, 2026) ("Section 1226(e) might preclude this Court's intervention if [petitioner] requested bond, an immigration judge considered his request on the merits and denied it, and he petitioned this Court for a different result.").

Because Petitioner challenges a discretionary application of § 1226(a) and fails to raise a cognizable challenge to the underlying statutory framework or the extent of the Government's detention authority, § 1226(e) precludes this Court's review.

5

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's Motions to Enforce the Judgment (Docs. # 6 and 14) are **DENIED**.

This 6th day of May, 2026.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:Judge-DLB\DATA\ORDERS\Cov2026\26-10 Order Denying DE 6.docx